IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50327
Summary Calendar
_____

RICARDO BOLANOS,

                                        Plaintiff-Appellee,

versus

YSLETA INDEPENDENT SCHOOL
DISTRICT; ET AL.,

                                        Defendants,

ARMENIA SMITH,

                                        Defendant-Appellant.

* * * * * * * * * * * * * * * * * * * * *

**Consolidated with**

_____

No. 00-50367
Summary Calendar
_____

RICARDO BOLANOS,

                                        Plaintiff-Appellant,
V.

YSLETA INDEPENDENT SCHOOL DISTRICT; ET AL.,

                                        Defendants,

ARMENIA SMITH,

                                        Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-99-CV-141-DB
--------------------
January 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Armenia Smith argues that the district court erred in denying her motion for summary judgment because she asserts that the district court incorrectly applied the law to the summary judgment evidence submitted by the parties. Smith argues that even if the evidence submitted by appellee Bolanos in opposition to her motion is assumed to be true, he failed to show that Smith's conduct was not objectively reasonable. Smith argues that Bolanos did not present evidence to support a determination that his coaching contract was not renewed in retaliation for exercising his First Amendment right of free speech.

Ordinarily, this court lacks jurisdiction to review the denial of summary judgment because such a decision is not a final order under 28 U.S.C. § 1291. Palmer v. Johnson, 193 F.3d 346, 350 (5th Cir. 1999). However,"[d]istrict court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, notwithstanding their interlocutory character, when based on a conclusion of law." Lukan v. North Forest ISD, 183 F.3d 342, 345 (5th Cir. 1999) (internal quotations and citations omitted), cert. denied, 120 S. Ct. 1420 (2000). The existence of disputed issues of material fact does not necessarily preclude review of the case if the appellant argues that the facts the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court deemed supported by the record reflect that the appellee's conduct was objectively reasonable under the circumstances because, in that instance, the appellant is asserting that the district court made an error of law rather than an error of fact. Lukan, 183 F.3d at 345.

The district court denied Smith's request for qualified immunity because it determined that there was a genuine issue of material fact with respect to Smith's motive for not renewing Bolanos' coaching contract. The record reflects that there are disputed factual issues with respect to the reason that Smith did not renew Bolanos' coaching contract. These issues of fact are material because the resolution of that factual dispute will determine whether Smith did not renew the contract because of Bolanos' poor coaching performance or in retaliation for Bolanos exercising his First Amendment right of free speech. Lukan, 183 F.3d at 345-46.

Because the denial of qualified immunity as to Smith was based on a genuine issue of material fact rather than a question of law, this court does not have jurisdiction over Smith's interlocutory appeal. Smith's appeal is DISMISSED. See Palmer, 193 F.3d at 351.

Because there has been no final judgment in the case and because the appeal is dismissed, the court has no jurisdiction to consider Bolanos' cross-appeal from the district court's order denying his motion to remand. See Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). Thus, Bolanos' cross-appeal is also DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.